[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 12916
This habeas petition was brought on November 3, 1999 by the petitioner claiming that CGS Sec. 54-125a(b) as amended by Public Act, 1995 No. 95-255 § 1 is ex post facto and, therefore, unconstitutional. The relief he seeks is that he be considered eligible for parole after serving 50% of his sentence rather than having to wait until he has served 85% of his sentence.
Based upon the petition, the petitioner was arrested on December 30, 1994 which is, of course, prior to the effective date of Public Act 95-255 § 1 (hereinafter the "Act"). In accordance with this Court's recent ruling in the cases of Gus Woods, Jazrael King and Miguel Rentas, a copy of which decision is attached hereto, the Court finds that the above mentioned statute as amended by the above mentioned public act as applied to the petitioner in this case is a violation of the ex post facto clause of the Constitution of the United States, article 1, § 10. The Act is a criminal and penal statute that applies to offenses occurring before July 1, 1996, its effective date, and operates to create a significant risk of increased punishment for those offenses. Although the court considers requiring prisoners to serve 85% percent of their sentence to be a laudable goal, as always our state laws must function within the bounds of the Constitution of the United States. The Act is unconstitutional beyond a reasonable doubt as applied to this petitioner.
Accordingly the petitioner's writ of habeas corpus is granted, and the Court orders the warden to recalculate his parole eligibility date in accordance with General Statutes Section 54-125a(b) as it existed at the time the offenses occurred. Further, the Board of Parole is ordered not to restrict itself to a mandatory minimum service of eighty-five percent of petitioner's sentences as provided by the Act in determining his eligibility for parole.
Rittenband, JTR